## FORD & a. v. PORTER & ROLFE.

Whenever a cause requires the examination of accounts and vouchers in any part of the investigation, either for the plaintiff or defendant, it may, in the discretion of the court, be committed to an auditor.

Where the plaintiff offered himself as a witness in chief before an auditor, to prove a special contract, whereby the defendant should be charged for merchandize sued for, and the auditor refused to receive him as a witness for that purpose — *held* that the report should not be set aside on that account.

ASSUMPSIT, for goods sold. The case was committed to an auditor, who made the following report:

The plaintiffs' claim consisted of a specification hereto annexed, containing seventy-five items of goods sold and delivered, numbered from one to seventy-five inclusive, and amounting to $1812.65, with an additional item of interest, $52.34, as stated in said specification, with two items of credit, as stated in said specification, amounting to $940.17—leaving a balance claimed of $924.82. The defendants admitted the sale and delivery to them by the plaintiffs of the goods mentioned in the first nine items, the twenty-fifth item, and the last seven items of the specification, amounting together to the sum of $33.14, and that they were chargeable therefor. As to the remaining items of the specification, the defendants admitted that the anvil castings therein mentioned, of the several amounts and value therein stated, were charged to the defendants by the plaintiffs on their books, and delivered to one Ephraim Eaton, at the several dates specified in said specification, but denied that they were sold or delivered to the defendants, or that they were chargeable therefor.

The counsel for the plaintiffs offered to prove, by the testimony of W. P. Ford, one of the plaintiffs, and by other evidence, that, prior to the delivery of any of the articles in controversy, charged or delivered to Ephraim Eaton, said Eaton went to the plaintiffs and stated that he was intending to go into the business of manufacturing anvils, and wished them to furnish him with castings; that the plaintiffs were unwilling to trust Eaton, but said they would furnish the castings if he would get Porter & Rolfe, the defendants, to become responsible; that

Eaton said he would see Porter & Rolfe, and afterward told the plaintiffs he had seen them, and that they had agreed to become responsible for such castings as the plaintiffs might furnish to Eaton ; that said W. P. Ford then inquired of George Porter, one of the defendants, if Porter & Rolfe would be thus responsible, and that Porter replied that they would : that the castings might be charged directly to Porter & Rolfe, and they would see it paid ; and that thereupon the plaintiffs went on to make and deliver anvil castings to Eaton, and charged them to Porter & Rolfe, as appeared in the specification.

The counsel for the defendants objected to the admission of W. P. Ford as a witness, and also objected that the question raised by the above statement of the plaintiffs' case was not a proper one to be tried by the auditor. The plaintiffs' counsel then requested that W. P. Ford might be examined as a witness, as being competent to show a sale of the goods in controversy by the plaintiffs to the defendants, and the delivery of the goods by the plaintiffs to Eaton, as the defendants' agent.

But the auditor sustained the defendants' objections, and ruled that W. P. Ford ought not to testify in the case, on the ground that, (the delivery of the articles in controversy being admitted,) there remained nothing to be proved by the testimony of Ford but the fact whether Porter & Rolfe agreed to pay for the articles delivered to Eaton, which would be such a special agreement as the party could not properly be called to testify to.

On similar grounds the auditor ruled that the question raised by the plaintiffs' case was not a proper one to be tried by an auditor, it being, in the opinion of the auditor, a question whether the particular contract or agreement was in fact made, and not a question that required the examination of accounts and vouchers.

There was no evidence offered in support of the defendants' set-off, and the same was withdrawn from the hearing before the auditor.

*Fowler & Mugridge,* for the plaintiffs.

1. The question whether a case is a proper one for an

auditor, is for the court to determine ; and after it has been passed upon by the proper tribunal and the case committed to an auditor, it lies not within his province to overrule the decision, and decide that the case is not a proper one to be audited.

2. The duty of the auditor is to try the case and state the accounts between the parties ; and in doing so it is his duty to inquire into all the matters and things, controversies and contracts, whether special or otherwise, upon which a just finding and statement of these accounts may depend.

3. On such trial either party may be a witness in chief as to all matters relating to the mutual accounts.

4. In his report the auditor should give a statement of the accounts, and not report the evidence, whether contracts or other evidence, upon which that statement is founded; and if he goes beyond his province, and reports the evidence, his report, *quoad hoc*, will be set aside ; but this does not prevent him, on the trial, from making all proper inquiries, whether in regard to special contracts or any other special matters, upon which a proper statement of the accounts may depend. *Bartlett* v. *Trefethen*, 14 N. H. 427.

*Rolfe & Marshall*, for the defendants.

1. This was a case that did not require an investigation of accounts or an examination of vouchers. The statute does not authorize the reference of a case to an auditor, where no investigation of accounts nor examination of vouchers is necessary. *Brewster* v. *Edgerly*, 13 N. H. 275. The language of the court in that case is very applicable to this. The court there remarked that, " if this case be a proper one for an inquiry by an auditor, it will be difficult to say that every case should not be thus referred." Everything was admitted by the defendants which was necessary and proper for an auditor to examine and investigate.

2. Then there remained nothing for the auditor to try but the alleged special agreement of defendants to *guaranty*, or pay the debts of Ephraim Eaton. One of the plaintiffs was called to prove this special agreement which the case describes.

Ford *v.* Porter & Rolfe.

1. This is the plaintiffs' whole case; — there is nothing more either for an auditor or a jury to find ; and the party could not testify to such a special contract, either before an auditor or anywhere else, except upon requirement of the opposite party.

2. Ephraim Eaton, as appears by the counsel's statement, went to the defendants and made the agreement with them, to guaranty his debts to the plaintiffs ; and it would be proper to substantiate that agreement before the jury by Eaton's testimony. Eaton was present at the trial before the auditor.

3. The testimony of the party is admissible, in the discretion of the auditor. *Mann* v. *Locke*, 11 N. H. 248 ; *Lovering* v. *Lovering*, 13 N. H. 521.

EASTMAN, J.* This case appears to have been a proper one to be committed to an auditor. The plaintiffs' claim consisted of an account of seventy-five items of goods sold and delivered, and thus came clearly within the provisions of the statute for the appointment of auditors. Rev. Stat., chap. 189, § 1. The specification showed upon its face that an investigation of accounts was necessary.

The fact that at the hearing the defendants admitted sundry items to be due, amounting to $33.14, and also made other admissions, tending to show that there was no controversy about the amount of the claim, does not tend to change the character of the action. These admissions were only a substitute for other evidence, and relieved the plaintiffs from proving their claim thus far. Had no admissions been made, the plaintiffs would have been obliged to furnish evidence to prove the account.

If the defendants had made the same admissions in court, before the case was committed to an auditor, as they did before him at the hearing, and placed these admissions in a form to estop their denial of them thereafter, probably the court would not have referred the matter to an auditor, because the controversy would, by the admissions, have become narrowed down to

* PERLEY, C. J., and FOWLER, J., having been of counsel, did not sit.

Ford *v.* Porter & Polfe.

this simple question: " to whom was the credit given ?" which, judging from the facts stated by the auditor, would not require an examination of accounts or vouchers. And the statute does not authorize the reference of a case to an auditor where no investigation of accounts or examination of vouchers is necessary. *Brewster* v. *Edgerly*, 13 N. H. 275.

But as the case stood before the auditor, we think he might properly enough have proceeded with the hearing and stated the accounts, finding the amount due to the plaintiffs to have been more or less, as he should find the fact to be, whether the credit was given to Eaton or to the defendants.

The plaintiffs came before him with their account, which was substantiated in part by the admissions of the defendants. To that extent the auditor could find a sum due to the plaintiffs. As to the balance of the accounts, the defendants admitted that the charges were made against them, as the books purported to show, at the several times specified, and that the goods were delivered to Eaton ; but they denied a delivery to themselves or that they were liable therefor. The admissions thus made proved the amount claimed to be due, and left the matter of liability only to be settled ; and as the auditor should find that fact to be, so he would state the accounts between the parties.

Whenever a case requires the examination of accounts and vouchers ,in any of its parts, it may, in the discretion of the court, be committed to an auditor ; and if matters inseparably connected with the accounts arise upon the investigation, the auditor may properly enough pass upon them.

In the case of *Jones* v. *Parker*, 6 Foster 20, the action was upon a promissory note, and the defence rested upon the ground that the note was not that of the defendant, but of the Avery Factory Company ; but it appearing that the trial of the issue would require the examination of several books of accounts, receipts and other papers, the court held it a proper case for an auditor. To the same effect was *Putnam* v. *Goodall*, Grafton, July term, 1855.

In the case before us, had the defendants made no admissions

amounting to evidence, the plaintiffs must have proved their account and the delivery of the goods to Eaton. They must then have gone further, and shown the liability of the defendants. The liability would thus be inseparably connected with the proof of the account, and the auditor might very properly examine into it. The admissions made before him were only a substitute for other evidence, and did not change his powers on the hearing. The case was then a proper one for reference to an auditor.

As to the other question presented; it was within the discretion of the auditor to admit or reject the plaintiff Ford as a witness. He was called to prove a special contract, whereby the defendants should be charged for the goods. Had the case been on trial before a jury, his testimony to that point would not have been admissible, and if the auditor saw fit not to admit him, his report on that account would not be disturbed. *Warren* v. *Locke*, 11 N. H. 248; *Smith & a.* v. *Smith & a.*, 7 Foster 244; *Lovering* v. *Lovering*, 13 N. H. 513.

What the Common Pleas may do with the case is not for us to say. We suppose they may recommit the report; or, if the defendants shall make the admissions that were made before the auditor, they may discharge the rule, and order the case for trial by the jury.